CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
NOV 8 2018
JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| KYMBER L. NORMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:17-cv-00019 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY BERRYHILL, | ) | By: Hon. Jackson L. Kiser |
| Acting Commissioner, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Before me is the Report and Recommendation ("R&R") of the United States Magistrate Judge recommending that I deny Plaintiff Kymber Norman's ("Plaintiff") Motion for Summary Judgment [ECF No. 13], grant the Commissioner's Motion for Summary Judgment [ECF No. 15], and affirm the Commissioner's decision. The R&R was filed on July 16, 2018 [ECF No. 19], and Plaintiff filed objections on July 30 [ECF No. 20]. The Commissioner responded [ECF No. 21], and the matter is now ripe for review. See Fed. R. Civ. P. 72(b). After careful review and consideration, and for the reasons stated below, I will overrule Plaintiff's objections and grant the Commissioner's Motion for Summary Judgment.

I. **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On November 15, 2013, Plaintiff filed an application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act ("the Act"). See 42 U.S.C. §§ 401–33 (2018). (See R. 150–151.) In her application, Plaintiff alleged that she had been disabled since May 1, 2011, due to a combination of: headaches; severe fatigue; thyroid problems; pain and spasms in her neck radiating into her left arm; numbness and tingling in her left arm and hand; low back pain radiating into her right leg and foot; numbness in her right leg;

carpal tunnel syndrome symptoms post status release; ringing in her left ear; depression and anxiety; neck and back pain; and carpal tunnel syndrome. (See, e.g., R. 58–59.) The Commissioner denied Plaintiff's claims initially on March 25, 2014, and again upon reconsideration on July 8, 2014. (See R. 58–76.)

Plaintiff requested a hearing before an Administrative Law Judge and on November 23, 2015, Plaintiff appeared with her attorney before Administrative Law Judge Mary Peltzer ("the ALJ"). (R. 28–56.) Both Plaintiff and a vocational expert, Dr. Robert Jackson, testified. (Id.) In a written decision dated January 21, 2016, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. (See generally R. 13–23.) She found that Plaintiff suffered from "post-operative lumbar and cervical spine disorders, to include degenerative disc/joint disease and stenosis," which qualified as severe impairments. (R. 15–16 (citing 20 C.F.R. §§ 404.1520(c)).) The ALJ found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 16 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, & 404.1526).)

After consideration of the entire Record, the ALJ concluded that Plaintiff had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) with some limitations. (See R. 16–22.) The ALJ determined that Plaintiff was additionally limited to:

> occasional stairs and ramps; no ladders, ropes or scaffolds; occasional stooping, kneeling, crouching and no crawling; no reaching overhead (above the shoulders); frequent handling, fingering; no more than occasional exposure to extreme cold, vibration and workplace hazards such as dangerous moving machinery but no exposure to unprotected heights; tasks performed in a static work environment where changes in tasks are infrequent and explained when they do occur.

(R. 17.) The ALJ concluded that, although Plaintiff was not capable of performing her past relevant work, there were jobs that existed in significant numbers in the national economy that she could perform, such as short inspector grader and packer. (R. 22–23 (citing 20 C.F.R. §§ 404.1569 & 404.1569(a)).) Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. (R. 23.) The Appeals Council denied Plaintiff's request for review (R. 1–3), and the decision of the ALJ became the final decision of the Commissioner on February 7, 2017. (Id.)

On April 3, 2017, Plaintiff filed suit in this Court to challenge the final decision of the Commissioner. (Compl. [ECF No. 1].) Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the case to the United States Magistrate Judge for consideration. Plaintiff filed a Motion for Summary Judgment on October 20, 2017 [ECF No 13], and the Commissioner filed a Motion for Summary Judgment on November 15 [ECF No. 15]. On July 16, 2018, Judge Hoppe filed his Report and Recommendation ("R&R"), recommending that I deny Plaintiff's motion for summary judgment, grant the Commissioner's motion for summary judgment, and affirm the decision of the Commissioner. (R&R, July 16, 2018 [ECF No. 19].) On July 30, Plaintiff filed her objections to the R&R. (Pl.'s Obj., July 30, 2018 [ECF No. 20].) The Commissioner responded on August 8 [ECF No. 21], so the matter is now ripe for review.

## II. STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. See 42 U.S.C. § 405(g) (2014); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545 (2014); see Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984) (noting that it is the role of the ALJ, not the vocational expert, to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927 (2014). Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. See id. §§ 404.1527(e), 416.927(e); Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. Laws, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary," Mastro, 270 F.3d at 176 (quoting Craig, 76 F.3d at 589), or the secretary's designate, the ALJ, Craig, 76 F.3d at 589 (quoting Walker, 834 F.2d at 640).

### III. DISCUSSION

Plaintiff's objections fail for a number of reasons, not the least of which is the fact that Plaintiff has more or less objected to every sentence of the R&R. As explained in prior decisions, Plaintiff's general objection, which is no more than an attempt to have "two bites at the apple," is improper:

> The issues that Plaintiff raises in her general objection have already been addressed by Magistrate Judge [Hoppe] when they were before him in Plaintiff's summary judgment brief. Allowing a litigant to obtain *de novo* review of her entire case by merely reformatting an earlier brief as an objection "make[s] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."

Veney v. Astrue, 539 F. Supp. 2d 841, 845–46 (W.D. Va. 2008) (quoting Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)). This reason alone justifies overruling her objections.[1] Essentially, by restating her grounds for remand as an Objection to the R&R, Plaintiff's sole argument for rejecting the Magistrate Judge's recommendation is, "I disagree with him." While that may be so, it is not a legal basis for rejecting Judge Hoppe's recommendation.[2] Despite the fact that the Objection is improper and should therefore be treated as no objection at all, I will proceed to the arguments Plaintiff set forth before Magistrate Judge Hoppe and again before me.

Plaintiff first objects to the ALJ's conclusion that her statements regarding the intensity, persistence, and limiting effects of the symptoms of her impairments were not entirely credible. (See R. 17–18.) A claimant's subjective complaints are evaluated in two steps. First, "there must be documentation by objective medical evidence of the presence of an underlying impairment that would reasonably be expected to cause the subjective complaints of the severity and persistence alleged." Tune v. Astrue, 760 F. Supp. 2d 555, 561–62 (4th Cir. 2011). If such an

---

[1] Of note, Plaintiff only cites a single case, statute, rule, or regulation in her eleven-page brief. The case she cites, Edwards v. Colvin, No. 4:13-cv-1, 2013 WL 5720337, at *6 (W.D. Va. Oct. 21, 2013), supports Plaintiff's recitation of the applicable standard before the ALJ. In other words, it is cited for an utterly unremarkable proposition.

[2] It is settled law that an objection which merely restates that basis set forth before the Magistrate Judge is nothing more than a general objection, which is the same as no objection at all. "[B]ecause Plaintiff's re-filed brief constitutes, at most, a general objection to the Report, and '[a] general objection . . . has the same effects as would a failure to object,' no part of the Report is subject to this Court's *de novo* review." Veney, 539 F. Supp. 2d at 846 (quoting Howard v. Sec'y of Health and Human Services., 932 F.2d 505, 509 (6th Cir. 1991)).

impairment is established, "the fact finder proceeds to the second step: consideration of the entire record, including objective and subjective evidence, to assess the credibility of the severity of the subjective complaints." Id. at 562 (citing Craig v. Chater, 76 F.3d 585, 591–96 (4th Cir. 1996)). Social Security Ruling 16-3p provides further guidance:

> In evaluating an individual's symptoms, it is not sufficient for our adjudicators to make a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent." It is also not enough for our adjudicators simply to recite the factors described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

SSR 16-3p, 2017 WL 5180304, at *10 (Oct. 25, 2017).

Here, the ALJ appropriately included her rationale for deeming Plaintiff's subjective statements less than credible. The ALJ properly recounted Plaintiff's medical records, including numerous instances where Plaintiff failed to articulate pain to her physicians after her alleged disability onset date. On more than one occasion, Plaintiff had full range of motion in her neck upon examination. The ALJ noted that, aside from a discectomy, Plaintiff did not require "any hospitalizations, emergency department visits, or even frequent physician intervention for her severe impairments . . . ." (R. 20–21.) It is well settled that conservative treatment is one of several valid reasons to discount a claimant's subjective statements regarding allegedly debilitating pain. See Stitely v. Colvin, 621 F. App'x 148, 151 (4th Cir. 2015); see also Smith v. Colvin, 756 F.3d 621, 626 (8th Cir. 2014); Wall v. Astrue, 561 F.3d 1048, 1068–69 (10th Cir. 2009). The ALJ also noted, when Plaintiff first mentioned her neck and back pain in September 2011, she stated that she had had the pain for a year. (R. 21; R. 367.) Accordingly, there is

sufficient evidence in the Record to support the ALJ's determination that Plaintiff's subjective complaints were less than credible.

Plaintiff also contends that the ALJ failed to consider her testimony regarding her difficulty sitting and standing. In support of this argument, she cites only the R&R and the ALJ's decision. The Magistrate Judge concluded that, despite her argument, Plaintiff failed to "point to *any* specific piece of evidence in the record that she could not maintain a static work posture . . ." (R&R pg. 19.) Plaintiff repeats the same error in her objection, and fails to offer any evidence that she could not maintain a static work posture. Although *proper* objections warrant *de novo* review of the ALJ's decision, Plaintiff has still failed to articulate any evidence in the Record which supports her contention that she had difficulty sitting or standing, or which would undermine the ALJ's determination that Plaintiff could perform sedentary work.

Plaintiff next maintains that the ALJ "ignored" evidence from February 2015 "simply because they occurred after plaintiff's date last insured, without truly examining the evidence." (Pl.'s Obj. pg. 7.) Despite this contention, Plaintiff does not point to anything to support her claim that the evidence was not "*truly*" examined. The ALJ stated that she considered the entire record, and "absent contradictory evidence," I take her at her word. Reid v. v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014) (citing Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005)). The ALJ is not required to go through a "point-by-point discussion in all cases . . . ." Id. (citing Russell v. Chater, No. 94-2371, 1995 WL 417576, at *3 (4th Cir. July 7, 1995) (per curiam)). The ALJ cited both Plaintiff's February 2015 MRI and her September 2015 lumbar surgery in her recitation of the relevant medical evidence. (R. 20.) Nothing in her opinion suggest that she did not "truly examin[e]" this evidence, and Plaintiff's arguments lacks any support in the Record.

The remainder of Plaintiff's arguments can charitably be described as asking this Court to re-weigh conflicting evidence that was presented to the ALJ. (See, e.g., Pl.'s Obj. pg. 6 (arguing the Magistrate Judge erred in determining that treatment qualified as "limited").) There is no basis in the law for such an exercise at this stage. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). Her objection will be overruled.

Plaintiff's second objection, by headline in her brief, goes to the ALJ's function-by-function analysis. But Plaintiff merely repackages the same arguments made in her first objection in the second one. (Compare Pl.'s Obj. pg. 9 (regarding ignoring evidence), with pg. 7 (same); compare pg. 10 (regarding the ALJ's consideration of Plaintiff's cruises), with pg. 4–5 (same); compare pg. 10 (regarding Plaintiff's professed inability to maintain a static work posture), with pg. 5 (same).) As stated above, Plaintiff's objection is improper. Even getting to the merits of her arguments, however, her objections fail for the reasons stated above.

## IV. **CONCLUSION**

The ALJ's decision is support by substantial evidence. I have reviewed the remainder of the ALJ's opinion for clear error. Finding none, the R&R will be adopted and the Commissioner's Motion for Summary Judgment will be granted.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record as well as to Magistrate Judge Hoppe.

**ENTERED** this 8th day of November, 2018.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE